United States District Court

Eastern District of Louisiana

Bittel

v.                                                CIVIL ACTION NO. 2:03-cv-00628 A (1)

Alltel Comm Inc


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, February 28, 2003.

By Direction of the Court

LORETTA G. WHYTE, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ESTATE OF MARC C. BITTEL | * | CIVIL ACTION 03-0628 |
| VERSUS | * | NO. |
| ALLTEL COMMUNICATIONS., INC., XYZ INSURANCE COMPANY, JOHN DOE PROPERTY OWNER | * * | SECTION SECT. A MAG. 1 MAG. |
| | * * * * | REMOVAL FROM 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON, NO. 590-302 |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Alltel Communications, Inc. ("Alltel"), defendant in the case entitled *Estate of Marc C. Bittel v. Alltel Communications, Inc., XYZ Insurance Company, and John Doe Property Owner*, bearing Civil Action No. 590-302, on the civil docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, appearing herein through undersigned counsel, is hereby filing in the United States District Court for the Eastern District of Louisiana, a notice to effect removal of the aforementioned action to the United States District Court for the Eastern District of Louisiana. Defendant respectfully represents that the grounds for removal are as follows:



1.

Plaintiff the Estate of Marc C. Bittel is represented by his parents Elizabeth Foti Bittel and Thomas R. Bittel, Sr., persons of the full age of majority. Marc C. Bittel, at the time of his death, was a person of the full age of majority and a resident of the Parish of Jefferson and a domiciliary of the State of Louisiana.

2.

Alltel is a foreign corporation organized under and existing by virtue of the laws of Delaware with its principal place of business in Little Rock, Arkansas.

3.

Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious defendants, XYZ Insurance and John Doe Property Owner are disregarded.

4.

The underlying state court petition (a copy of which is attached hereto, as part of Exhibit "A" and incorporated herein by reference) was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, on January 27, 2003. On February 3, 2003, a copy of plaintiff's petition for damages were received by Alltel through service on its agent for service of process. This service constituted Alltel's first receipt of the initial pleading setting forth the claim for relief upon which the state court action is based. Because thirty (30) days have not yet elapsed since service, this removal is within the time period allowed by 28 U.S.C. § 1446(b).

5.

Plaintiff's petition for damages puts in controversy an amount in excess of $75,000, exclusive of interest and costs.

6.

Claims asserted against defendant Alltel constitute a civil action brought in a state court over which this United States District Court would have original jurisdiction under 28 U.S.C. § 1332, since the actual parties to this case are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.

Promptly after the filing of this Notice of Removal, defendant Alltel is serving written notice of removal upon the adverse party and a copy of this notice of removal is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to effect removal of this action to this Court, all in conformity with 28 U.S.C. § 1446(d).

8.

Accordingly, pursuant to 28 U.S.C. § 1441, *et seq.*, please take notice that this case is removed.

WHEREFORE, Alltel Communications, Inc. prays that further proceedings in the 24th Judicial District Court for the Parish of Jefferson be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Eastern District of Louisiana as the law provides.

Respectfully submitted,

MILLING BENSON WOODWARD, L.L.P.

_____
Mark J. Jeansonne (#20235) (T.A.)
Juan J. Lizarraga (#8641)
909 Poydras Street, Suite 2300
New Orleans, LA 70112-1010
Telephone: 504-569-7000
Attorneys for Alltel Communications, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing **NOTICE OF REMOVAL** have been served upon all counsel of record by facsimile transmission or U.S. mail this 28th day of February, 2003.

_____

295450/81950

(101) Citation: PET FOR DAMAGES;  030128-3647-8

**24TH JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

ESTATE OF MARC C. BITTEL
versus
ALLTEL COMMUNICATIONS INC, XYZ INSURANCE COMPANY, JOHN DOE PROPERTY OWNER

Case: 590-302  Div: "O"
P 1 MARC C. BITTEL

To: ALLTEL COMMUNICATIONS INC
THROUGH AGENT BRIAN K JONES
3838 N CAUSEWAY BLVD
METAIRIE LA 70002

DIV. O
JUDGE
ROSS P. LaDART

*[handwritten notes: Find out when served - do letter confusing 30 day extension +15 days]*

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney WILLIAM M. DETWEILER and was issued by the Clerk Of Court on the 28th day of January, 2003.

_____
Myra L Davis, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

---

(101) Citation: PET FOR DAMAGES;  030128-3647-8

**SERVICE INFORMATION**

Received on the _____ day of _____, _____ and on the _____ day of _____, _____ served the above named party as follows:

PERSONAL SERVICE on the party herein named _____.

DOMICILIARY SERVICE on the party herein named by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his residence at the time of said service.

RETURNED: Parish of _____ this _____ day of _____, _____.

SERVICE: $ _____  BY: _____
MILEAGE: $ _____       Deputy Sheriff
TOTAL: $ _____

03 JAN 29 AM 11:40

EXHIBIT A

02/03/03  MON 12:53  [TX/RX NO 5713]

TWENTY-FOURTH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: DIVISION " "

ESTATE OF MARC C. BITTEL

vs

ALLTEL COMMUNICATIONS INC., XYZ INSURANCE COMPANY

And

JOHN DOE PROPERTY OWNER

DATE FILED:_____ _____
DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition of the Estate of Marc C. Bittel, represented herein by his mother, Elizabeth Foti Bittel, and his father, Thomas R. Bittel, Sr., individually and on behalf of the minor child of the decedent, Nicholas Bittel, both of full age, through undersigned counsel, say:

I.

That the said Marc C. Bittel was a resident of the Parish of Jefferson where he lived and owned property and was of full age at the time of his death on October 11, 2002 in the said parish.

II.

That on or about January 28, 2002, the decedent, confined to a wheelchair since 1994, was a customer of the defendant, AllTel Communications, Inc., a foreign corporation domiciled in the State of Delaware, but authorized to and doing business in the Parish of Jefferson at 3838 N. Causeway Blvd., Metairie, LA.

III.

That as the decedent was leaving the defendant's business at 3838 N. Causeway Blvd. that afternoon between 5:30 - 6:00 p.m., he rolled his wheelchair out of the front door of the business, and proceeded down the wheelchair ramp leading to the parking lot. That as the decent turned his wheelchair at the turn in the ramp, the left front wheel, suddenly and without warning, got caught in a crack between the slabs of cement, causing the decedent to be thrown out of the chair face first to the ground.

IV.

That as a result of this accident he suffered injuries to his head, neck, body and extremities, and more particularly suffered injury to his head, left wrist, knees, back, neck, leg and fractures of his left foot.

V.

That in addition to the injuries outlined above, the decedent suffered pain and suffering, fear, fright, worry, and inconvenience, embarrassment, mental anguish, and loss of function.

VI.

That further, as a result of the foregoing accident, the decedent suffered special damages consisting of expenses of medical treatment, drug expenses, and loss of time in his studies.

VII.

That at all times mentioned herein, the defendants, AllTel Communications, Inc. and/or John Doe Property Owner, owned the property, and either or both were insured by the defendant, XYZ Insurance Company, a premises liability insurer providing coverage on the premises operated by the said defendant at 3838 Causeway Blvd., Metairie, LA. The name "John Doe Property Owner" the fictitious name used to designate the owner of the property on which the accident occurred, the real name for which property owner, will substituted when it is learned.

VIII.

That the accident was caused by the negligence of the defendants, either individually and/or in solido, to wit:

1) They failed to maintain the wheelchair ramp in sufficient condition to allow a disabled person to enter and exit the premises safely;
2) They failed to have proper regard for the safety of disabled persons entering and existing the premises.
3) They failed to provide a safe entrance for disabled persons attracted to the premises to seek the services offered by the defendants at that location.
4) They failed to take the necessary action to insure that disabled persons could safely enter and exit the building.
5) They failed to construct the handicap ramp to the specifications required for this particular set of circumstances to insure the safety of handicap persons entering and exiting the building and the premises.

WHEREFORE, the petitioners pray that the defendants be duly cited to appear and answer this petition, and after due proceedings had, that their be judgment in favor of the Estate of Marc C. Bittel and against the defendants, AllTel Communications, Inc., John Doe Property

Owner, and XYZ Insurance Company, individually and in solido, in a sum commensurate with the evidenced adduced at trial.

*[signature]*
WILLIAM M. DETWEILER, J.D.
Attorney for the Estate    LSBA #4910
110 Veterans Mem. Blvd.    Suite #222
Metairie, LA 70005
Telephone (504) 834-1700

PLEASE SERVE:

ALLTEL COMMUNICATIONS, INC.
through its agent for service
Brian K. Jones
3838 N. Causeway Blvd.
Metairie, LA 70002

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
*[signature]*
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON